UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NICHOLAS BRIAN SHUCK,           ) | |
|                                          ) | |
|     Petitioner,           ) | |
|                                          ) | |
| v.                              ) | CV 416-211 |
|                                          ) | (Underlying CR411-007) |
| UNITED STATES OF AMERICA        ) | |
|                                          ) | |
|     Respondent.           ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
SHUCK'S 28 U.S.C. § 2255 MOTION**

The United States of America, by and through Edward J. Tarver, the United States Attorney for the Southern District of Georgia, respectfully opposes Shuck's 28 U.S.C. § 2255 motion to vacate his sentence. (CV Doc. 1.)

**Background**

In May 2011, Shuck pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). (CR Docs. 1, 39, 54.) He qualified as a career offender under the advisory Sentencing Guidelines on the basis of prior convictions for aggravated assault and bank robbery by force or violence. (PSI ¶¶ 22, 29-33.) This Court sentenced Shuck to 168 months in prison. (CR Doc. 53.) On direct appeal, Shuck argued in part that his prior conviction for bank robbery did not qualify as a crime of violence for purposes of the career offender enhancement. The Eleventh Circuit rejected that claim and affirmed his sentence. See United States v. Shuck, 481 F. App'x 600 (11th Cir. 2012). Shuck filed this 28 U.S.C. § 2255 motion, his first, on July 10, 2016. (CV Doc. 1-Pg. 12.)

**Discussion**

In his § 2255 motion, Shuck claims that the Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), renders his sentence unconstitutional and his prior conviction for aggravated assault no longer qualifies as a career-offender predicate. (CV Doc. 1-Pg. 2.) In <u>Johnson</u>, the Supreme Court held that the Armed Career Criminal Act's residual clause, which defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2563. <u>Johnson</u> applies retroactively to defendants on collateral review. <u>See</u> <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016). If Shuck had a valid <u>Johnson</u> claim, it would be timely filed within a year of <u>Johnson</u>. <u>See</u> 28 U.S.C. § 2255(f)(3).

<u>Johnson</u> does not apply to Shuck. <u>Johnson</u> pertains only to the ACCA; Shuck was sentenced under the career offender provision of the advisory Sentencing Guidelines. The Eleventh Circuit has held that <u>Johnson</u> does not apply at all in the context of the guidelines, including, specifically, the career-offender enhancement. <u>See</u> <u>United States v. Matchett</u>, 802 F.3d 1185, 1193-94 (11th Cir. 2015). <u>Matchett</u> precludes relief for Shuck.[1]

---

[1] On June 27, 2016, the Supreme Court granted certiorari in <u>Beckles v. United States</u>, No. 15-8544, to decide whether <u>Johnson</u> applies to the Guidelines's "crime of violence" definition and, if so, whether it applies retroactively. Recognizing that <u>Matchett</u> remains binding precedent here, the government

Shuck also argues that, at sentencing, this Court failed to consider any mitigating facts or circumstances and did not recommend that he receive substance abuse treatment. (CV Doc. 1-Pg. 5.) That is not a <u>Johnson</u> claim and is thus untimely because it was not filed within a year of "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). Shuck's conviction became final in October 2012, the § 2255(f)(1) deadline expired in October 2013, and his current motion was filed, too late, in July 2016. This claim is also procedurally defaulted because Shuck did not raise it on direct appeal. See <u>United States v. Montano</u>, 398 F.3d 1276, 1279-80 (11th Cir. 2005).

Shuck posits that this claim is timely because it accompanies a <u>Johnson</u> claim. (CV Doc. 1-Pg. 10.) He is wrong. Even if he had a valid <u>Johnson</u> claim that would be timely under § 2255(f)(3), the timeliness of that claim could not be used to bootstrap in otherwise-untimely claims. See <u>Zack v. Tucker</u>, 704 F.3d 917, 922-26 (11th Cir. 2013) (holding that habeas limitations periods apply on a claim-by-claim basis).

---

nevertheless would not oppose a stay of Shuck's § 2255 motion, to the extent that it raises a Guidelines-based <u>Johnson</u> claim, pending the decision in <u>Beckles</u>.


## Conclusion

This Court should deny Shuck's § 2255 motion.

Date:  August 26, 2016.                    Respectfully submitted,

                                            EDWARD J. TARVER
                                            UNITED STATES ATTORNEY

                                            ***/s/ James C. Stuchell***

                                            James C. Stuchell
                                            Assistant United States Attorney
                                            Virginia Bar No. 41941

Post Office Box 8970
Savannah, Georgia 31412
912-652-4422

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court. Additionally, a copy has been mailed to:

Nicholas Brian Shuck, Reg. No. 06662-010
USP Coleman II
P.O. Box 1034
Coleman, FL  33521

Date:  August 26, 2016.

                                        EDWARD J. TARVER
                                        UNITED STATES ATTORNEY

                                        ***/s/ James C. Stuchell***

                                        James C. Stuchell
                                        Assistant United States Attorney
                                        Virginia Bar No. 41941

P.O. Box 8970
Savannah, Georgia 31412
912-652-4422